**NOT FOR PUBLICATION**

```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
                       CAMDEN VICINAGE
```

_____
CLIFTON BEALE,                     :
                                   :
            Plaintiff,             :
                                   :
       v.                          :     Civil No. 06-0998 (RBK)
                                   :
                                   :
UNITED STATES OF AMERICA,          :
inter alia KATHLEEN SETIMI,        :
REVENUE AGENT                      :
                                   :
                                   :
            Defendants.            :
_____:

**O P I N I O N**

**Kugler**, United States District Judge:

Pro se Plaintiff Clifton Beale seeks injunctive relief against Defendant United States of America, inter alia Kathleen Setimi, Revenue Agent. Plaintiff alleges that Defendant illegally seized Plaintiff's property by placing a lien on Plaintiff's real property, and by placing a wage levy on Plaintiff's spouse's salary. Defendant asserts that the Internal Revenue Service took these actions to satisfy Plaintiff's delinquent federal tax debt. Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that 26 U.S.C. § 7421 strips federal courts of jurisdiction to grant injunctive relief regarding tax collection.

Moreover, Defendant argues that even if the federal court had jurisdiction to hear Plaintiff's claims, Plaintiff's claims are frivolous and without merit.  Plaintiff opposes Defendant's motion to dismiss, asserting that the case was improperly removed to federal court.  For the reasons stated below, the Court grants Defendant's motion to dismiss.

**I.    BACKGROUND**

Pro se plaintiff Clifton Beale ("Plaintiff") is a resident of New Jersey.  Plaintiff alleges that on June 14, 2005, Defendant Kathleen Setimi ("Setimi"), an Agent with the Internal Revenue Service, illegally seized Plaintiff's real property when Setimi executed a "Notice of Federal Tax Lien" against Plaintiff's residence located at 6102 Forrest Avenue, Pennsauken, New Jersey.  (Pl.'s Compl. Ex. A-12.)  Plaintiff alleges this lien was illegal under New Jersey law because Setimi failed to obtain a court order before executing the lien.  In addition, Plaintiff alleges that Defendant illegally imposed a wage levy against Plaintiff's spouse, Debra Beale.  Specifically, Plaintiff alleges that the wage levy exceeds the maximum deduction permitted under New Jersey and federal law.  (Pl.'s Compl. at 4.)

On February 3, 2006, Plaintiff filed a "Motion in Ex Parte for the Purposes of Determining Probable Cause for Issuance of a Warrant of Arrest Pursuant to New Jersey Rule 3:2 and N.J.S.A. 2B:12-21 and Federal Criminal Rule 4(a) and Rule 41(b)" in the

Superior Court of New Jersey, Camden County Law Division. On March 2, 2006, Defendant removed the case to United States District Court for the District of New Jersey, pursuant to 28 U.S.C. §§ 1331 and 1441.  On March 23, 2006, Defendant moved to dismiss the claim, arguing that the federal Anti-Injunction Act, 26 U.S.C. § 7421 ("Act"), strips the federal courts of jurisdiction to grant injunctive relief regarding tax collection. Defendant further argues that even if the federal court has jurisdiction to hear Plaintiff's claim, the claim is frivolous and without merit.  On April 17, 2006, Plaintiff filed a "Counter Claim and Motion to Dimiss for Movant," opposing Defendant's motion to dismiss.

**I.    STANDARD OF REVIEW**

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept Plaintiff's allegations along with all reasonable inferences that may be drawn from them as true.  Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001) (citing Piecknick v. Commonwealth of Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994)).  The Court may dismiss the Complaint only if Plaintiffs can prove no set of facts that would entitle them to relief. Burstein v. Retirement Account Plan for Employees of Allegheny Health Educ. & Research Found., 334 F.3d 365, 374 (3d Cir. 2003) (citation omitted).

**II.   DISCUSSION**

The Anti-Injunction Act states that, with limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person . . . ."  26 U.S.C. § 7421(a).  The purpose of the Act is to "permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund."  Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).  In general, a suit for injunctive relief may only be maintained if, at the time of suit, "under the most liberal view of the law and the facts, the United States cannot establish its claim."  Id.  Therefore, "the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid."  Id.

Plaintiff's arguments are difficult to discern, but Plaintiff primarily asserts that this Court has no jurisdiction over his claims, and that this case was improperly removed. In addition, Plaintiff requests that the Court order the return of property and money attached to satisfy Plaintiff's tax bill. Finally, Plaintiff asks that this Court issue a warrant to arrest Setimi for her allegedly illegal participation in the seizure of Plaintiff's property.

Plaintiff's claims fall squarely within the scope of the Act.  Plaintiff made no legitimate argument that the Internal Revenue Service acted in bad faith, or otherwise lacked a basis for its assessments, when it determined Plaintiff's tax liability.  Plaintiff's sole recourse, under the Act, is to pay the taxes due and pursue a refund in Tax Court. Therefore, under the plain language of the Act, this Court lacks jurisdiction to grant the relief Plaintiff requests.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to dismiss Plaintiff's claim.


DATE: 9/20/2006                          s/Robert B. Kugler
                                         ROBERT B. KUGLER
                                         U.S. DISTRICT JUDGE